IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

XTREME CAGED COMBAT AND

RYAN KERWIN

**14    5159**

VS.

CAGE FURY FIGHTING CHAMPIONSHIPS,

XTREME FIGHT EVENTS, ROB HAYDAK,

DAVID FELDMAN, HARRAH'S CASINO,

JOHN/JANE DOE OWNERS OF HARRAH'S CASINO,

JOHN/JANE DOE EMPLOYEES OF HARRAH'S CASINO,

VALLEY FORGE CASINO RESORT, JOHN/JANE DOE

OWNERS OF VALLEY FORGE CASINO RESORT AND

JOHN/JANE DOE EMPLOYEES OF VALLEY FORGE

CASINO RESORT

### **COMPLAINT**

**I. Jurisdiction and Venue;**

 1. This court has jurisdiction over this civil action pursuant to 15 U.S.C. section 4

    and 15 U.S.C. section 15.

 2. The events giving rise to the instant claims and causes of action occurred in

    the Counties of Chester and King of Prussia, Pennsylvania making the United

States District Court for the Eastern District of Pennsylvania the appropriate venue for this action pursuant to 15 U.S.C. section 4 and 15 U.S.C. section 15.

## II. Plaintiffs;

3. Plaintiff Xtreme Caged Combat (XCC), is a state registered and licensed mixed martial arts promotion and in the State of Pennsylvania

4. Plaintiff Ryan Kerwin, is the owner of Xtreme Caged Combat and a citizen of the Commonwealth of Pennsylvania with his address located at 240 Brittany Drive, Langhorne, PA 19047.

## III. Defendants;

5. Defendant Cage Fury Fighting Championship (CFFC), is a state registered and licensed mixed martial arts promotion in the State of Pennsylania and New Jersey.

6. Defendant Xtreme Fight Events (XFE), is a state registered and licensed mixed martial arts promotion in the State of Pennsylvania.

7. Defendant Rob Haydak, is the owner of Cage Fury Fighting Championships and a citizen of the State of New Jersey with his address located in Haddonfield, New Jersey

8. Defendant David Feldman, is the owner of Xtreme Fight Events and a citizen of the Commonwealth of Pennsylvania with his address located in Broomall, Pennsylvania.

9. Defendant Harrah's Casino, is located at 777 Harrah's Boulevard, Chester, PA 19013.

10. Defendant John/Jane Doe Owners of Harrah's Casino's place of business is located at 777 Harrah's Boulevard, Chester, PA 19013.

11. Defendant John/Jane Doe Employees of Harrah's Casino's place of business is located at 777 Harrah's Boulevard, Chester, PA 19013.

12. Defendant Valley Forge Casino Resort, is located at 1160 First Avenue, King of Prussia, PA 19406.

13. Defendant John/Jane Doe Owners of Valley Forge Casino Resort's place of business is located at 1160 First Avenue, King of Prussia, PA 19406.

14. Defendant John/Jane Doe Employees of Valley Forge Casino Resort's place of business is located at 1160 First Avenue, King of Prussia, PA 19406.

15. The defendants are being sued individually and in their official capacity.

**IV. FACTS;**

16. Defendant David Feldman is the owner and promoter of a mixed martial arts promotion called Xtreme Fight Events (XFE).

17. Mr. Feldman, first obtained entry into Harrah's Casino in Chester Pennsylvania for his Xtreme Fight Events mma promotion in the year 2011 and continues to promote shows there till this day.

18. Mr. Feldman reached an exclusive non compete contractual agreement with Harrah's Casino, its owners and employees that prohibited them from allowing any other mma promotion to do a show there as long as Xtreme Fight Events was there.

19. This deal provides Mr. Feldman with a free venue, free chairs and tables and $10,000 in cash (As well as many other perks not listed herein) in exchange for every one of his mma shows that he does there.

20. Mr. Feldman is also involved in Boxing events at Harrah's casino through a partnership with Joey Eye and Joey Eye Boxing. The deal both of these promoters have with Harrah's Casino in this regard is under the very same exclusive, non compete type deal that is in place for his Xtreme Fight Events.

21. Similarly, Harrah's Casino, its owners and employees reached an exclusive non compete

contractual agreement with David Feldman that prohibited him from doing another mma event at another Casino that Harrah's deemed to be a competitor within the same general market.

22. Mr. Feldman subsequently obtained entry into Sands Casino in Bethlehem Pennsylvania for his Xtreme Fight Events mma promotion in the year 2012 and continues to promote shows there till this day.

23. Mr. Feldman reached an exclusive non compete contractual agreement with Sands Casino, its owners and employees as well that prohibited them from allowing any other mma promotion to do a show there as long as Xtreme Fight Events was there. The only exceptions Sands Casino reserved from this exclusive non compete clause was that they would only allow another mma promotion to do a show there if it was one of the 3 largest mma companies in the world. Those companies are the Ultimate Fighting Championships, Bellator Fighting Championships and World Series of Fighting.

24. Because of Mr. Feldman's non compete clause with Harrah's Casino at the time he obtained entry into Sands Casino he initially hid his involvement with the shows he promoted there and promoted the shows under the company name "PA Caged Combat."

25. After Mr. Feldman promoted several mma shows at Sands Casino under the promotional name PA Caged Combat he eventually convinced the owners and employees of Harrah's Casino to allow him to do XFE shows there under the rationale that Sands Casino is out of their target demographical region and that there was no competive conflict by being allowed to do so.

26. Harrah's Casino, its owners and employees agreed and Mr. Feldman changed the name of the mma shows he promoted at Sands Casino from PA Caged Combat to Xtreme Fight Events in the year 2013.

27. Rob Haydak is the owner and promoter of a mixed martial arts promotion called Cage Fury

Fighting Championships (CFFC).

28. Mr. Haydak was the first and only mma promoter to do an mma event at The Borgata Casino in Atlantic City, New Jersey. He promoted his first show there on August 24, 2012 and continues to do shows there untill this day.

29. Mr. Haydak has an exclusive non compete agreement with Borgata Casino that prohibits them from allowing any other mma promotion to come into that Casino and do an event. He is also offered a free venue, free hotel rooms, free chairs and is paid a large sum equal to or in excess of $10,000 for each mma show he does there.

30. Prior to securing the deal with the Borgata Casino Rob Haydak had notified several parties that CFFC was going out of business due to the promotions inability to turn a profit and the financial losses it had suffered on its shows. He had attempted to sell the CFFC cage to several parties during this time. After securing the Borgata deal however, Mr. Haydak now has the funding he needs to keep his CFFC promotion alive and it has flourished as a result of this deal.

31. In the year 2012 Valley Forge Casino had opened and had interest in hosting mma and boxing shows at its Casino.

32. Plaintiff approached Valley Forge Casino about doing mma shows at their Casino prior to any mma event ever being hosted there. He was told he must pay them a $10,000.00 (Ten Thousand Dollar) flat rental fee per event in order to do so. Plaintiff declined.

33. Mr. Feldman, through his extensive connections within the Casino industry at the time Valley Forge Casino began to look into doing combat sports shows, convinced the owners and employees there to give him yet another exclusive, non compete type deal that would prohibit any othe mma promotion from doing a show there and provide him with a free venue, free hotel rooms and $10,000 in cash (As well as many other perks not listed herein) for every show he promoted there.

34. Feldman procured a similar lucrative, exclusive non compete deal to do boxing shows at Valley Forge Casino via a partnership with with Marshall Kaufman and Joey Eye as well. Feldman also has this same type of deal in place with Marshall Kaufman for boxing events at Sands Casino.

35. However, the non compete clause Mr. Feldman signed with Harrah's Casino prohibited him from doing mma shows at Valley Forge Casino because Harrah's Casino and Valley Forge Casino were close enough in distance to be considered competitors within the same market.

36. As a result, Mr. Feldman reached out to Rob Haydak of Cage Fury Fighting Championships and proposed a partnership where Mr. Feldman would allow Haydak entry into Valley Forge Casino under the terms of the previously mentioned deal if Mr. Haydak would sign the contract, promote the shows under the CFFC brand and share the profits with him.

37. Haydak agreed and after Haydak signed the previously mentioned contract the two parties hosted their first mma event together at the Valley Forge Casino Resort on February 8, 2013.

38. After the second event Mr. Feldman and Mr. Haydak promoted together at Valley Forge, Mr. Haydak refused to pay Mr. Feldman the agreed upon sum he was owed and told Feldman he would no longer be part of the shows at Valley Forge since the contract was under his name.

39. A huge feud began between Mr. Feldman and Mr. Haydak as a result and for roughly a year these two individuals and their businesses were in a huge war against each other.

40. At the end of CFFC's first contract term with Valley Forge Casino Mr. Feldman had them kicked out for what they had done.

41. Despite getting Haydak and CFFC kicked out of Valley Forge, Feldman could still not sign a contract to do mma events with the Valley Forge Casino on account of his Harrah's Casino

contract so he offered plaintiff Ryan Kerwin a partnership under the same or similar terms that he had with Haydak to do shows at the Casino.

42. The terms that Feldman offered plaintiff was that plaintiff would sign a contract at Valley Forge Casino under his name, promote the shows himself under the Xtreme Caged Combat brand and pay Feldman $5,000 for each show plaintiff promoted there in exchange for getting him into the Casino.

43. Feldman informed plaintiff that the terms Valley Forge would offer him in the contract would be a free venue, free hotel rooms and $10,000 in cash for every event he did there.

44. However, Mr. Feldman and Mr. Haydak eventually made amends and the two entered into contract negotiations to form a horizontal merger between their two companies, XFE and CFFC. This merger was eventually formed and it conjoined both brands into one and under the CFFC banner.

45. This resulted in CFFC regaining entry in the Valley Forge Casino and the two companys went public and announced this horizontal merger on social media on July 11, 2014.

46. CFFC now has exclusive, non compete deals that prohibit any other mma promotion in their market from being able to do an event at Valley Forge Casino Resort in King of Prussia Pennsylvania, Harrah's Casino in Chester Pennsylvania, Sand Casino in Bethlehem PA and Borgata Casino Casino in Atlantic City, New Jersey.

47. The 3 Pennsylvania Casinos currently hosting CFFC events are the only Casinos in the state of Pennsylvania who host, or are able to host mma events.

48. CFFC now has an exclusive monopoly in these Casinos and controls 100% of the market in this regard.

49. It is a matter of fact that plaintiff would not be able to obtain entry into Valley Forge Casino without Feldman's say so. Plaintiff had tried in the past and was rejected despite being able to offer Valley Forge a better financial deal than they agreed to with Feldman.

50. It is also a matter of fact that plaintiff was not permitted entry into Harrah's Casino without Feldman's say so. Plaintiff's only entry into this Casino was permitted in the form of a partnership with Feldman on one single mma show on December 8, 2013. All dealings regarding that show as it pertained to plaintiff were required to go through Feldman and not the Casino itself. Harrah's Casino would not allow plaintiff access to do an mma show there prior to, or subsequent to, December 8, 2013.

51. Though other venues exist for mma promotions to do an event in Pennsylvania, they are "considerably" more expensive and given the economics involved an mma promotion doing a show at one of these venues cannot profit on a level that allows a promotion doing a show at these venues to compete with CFFC, if in fact the show is able to profit at all. CFFC's history proves that it could not financially stay in business at all without having these Casino deals. They were going out of business prior to securing their deal at the Borgata Casino.

52. Plaintiff's current venue costs $3,280.00 in rent, requires an another $400 fee for cleanup and he must obtain individual venue insurance costing $450 per event. That is a total of $4,130.00 in venue expenses per event.

53. The CFFC deals that are in place involve a free venue, free chairs, free hotel rooms and $10,000 in cash paid to the promoter per event.

54. At the bare minimum, CFFC has a $14,130.00 headstart in finances per event on plaintiff's promotion by being able to do their events at the Harrah's and Valley Forge Casinos, which are not just cheaper but the shows are taking place at a far superior venue. (Roughly $15,000.00 an event as it would pertain to valley Forge Casino given that hotel rooms are included in their deal.)

55. Harrah's Casino and Valley Forge Casino are both located in plaintiff's relevant market and are both located within 35 minutes of plaintiff's current mma event venue. They

are the two closest venues to plaintiff's current event venue that are currently hosting mma events. (Valley Forge is only 29.98 miles away and Harrah's is only 32.61 miles away)

56. These far superior venues allow CFFC to attract the "ticket selling" fighters to their shows instead of plaintiff's and other competitor's shows. This inflates their profitability even more and hurts plaintiff and the other competitors in the market tremendously.

57. Plaintiff has lost out on income in an amount in excess of $15,000.00 for every show that he was barred entry into Valley Forge or Harrah's Casino as a result of the monopoly conspiracy at issue and he will continue to lose out on such income unless and until he is permitted entry into these venues to do his shows under the terms that CFFC/XFE has been allowed.

58. By CFFC's own admission, it had acquired roughly 60 professional fighters by July 11, 2014 and signed them to exclusive deals which prohibit them from fighting for any other organization without CFFC's permission to do so. They have signed many more fighters to these very same exclusive deals since and claimed that they will soon have 75 to 100 fighters locked into these type of deals.

59. These deals have given them dominant market power over the resource of professional fighters in this region. No other promotion in the state of Pennsylvania or New Jersey has more than 5 professional fighters under this type of exclusive deal if even that many. Plaintiff has none, despite having been in business longer than both XFE and CFFC.

60. This monopoly has allowed the defendants to raise prices for their event tickets considerably and the general public has no choice but to pay these prices in order to watch a fighter who has signed such an exclusive deal compete at a show. Plaintiff's mma tickets are $42 for general admission and $50 for 1st row while the defendants mma tickets have been as high as $55 for general admission, $75 for premium seating and $175 for cageside seating. The defendants will be able to continue to raise prices even higher

once they have successfully wiped out all of their competition in their relevant market as a result of the monopoly conspiracy at issue.

61. Plaintiff will have to raise his ticket prices to the consuming public in order to offset the ticket sales he will lose to CFFC from not having access to Harrah's and Valley Forge Casino, their financial deals and the ticket selling fighters that those venues attract. Plaintiff could easily lower his ticket prices to the consuming public, pay more pro fighters per card, and pay the pro fighters more money all while turning a larger profit at the same time were he permitted access into Harrah's and Valley Forge Casino under the current deals that are in place for CFFC/XFE.

62. This monopoly has also given, and will continue to give, CFFC the ability to dictate when fighters in the relevant market fight, who they fight and what they get paid and if the fighters do not like it they will be precluded from fighting for them and at the casinos in their market. These fighters will be left without any available alternate options once CFFC has successfully wiped out all of its competition in its relevant market as a result of the monopoly conspiracy at issue..

63. David Feldman has stated to plaintiff on more than one occasion that he has successfully monopolized the casino industry in Pennsylvania as it pertains to the promotion of mixed martial arts events at their venues. This includes Parx Casino located at 2999 Street Road in Bensalem, Pennsylvania who has plans to open their event area and host mma events in the near future. Parx Casino is located 5 minutes / 2.44 miles away from plaintiff's current event venue.

**V. CAUSES OF ACTION;**

### COUNT 1

**Refusal to Deal - Clayton Act 15 U.S.C. section 14 / Sherman Act 15 U.S.C. section 1 & 2**

64. The casino defendants in the case (Harrah's and Valley Forge) as well as their owners and employees, have refused to deal with any other mma promotion other than CFFC (Also previously promoted as XFE prior to their horizontal merger with XFE).

65. All of the defendants listed herein have agreed in concert with one another to restrict the access of outside mma promotions into these casino venues for the purpose of substantially lessening or eliminating competition in the market in which they operate.

66. These same agreements have restricted, and are likely to continue to restrict, plaintiff and other mma promoters like plaintiff from providing their goods and services to the public in a competitive manner.

67. The practices employed by all of the defendants in this regard equate to "Third Line Forcing" which results in an absolute barrier to entry in the relevant market.

## COUNT 2

### Essential Facilities Doctrine Violation - Sherman Act 15 U.S.C. section 1 & 2

68. Defendants Rob Haydak, CFFC, Dave Feldman and XFE have acquired "market" and "monopoly" power in plaintiff's region.

69. These same defendants have achieved a monopoly over the Casinos that host mma events in Pennsylvania and control 100% of the market in that regard.

70. Mixed Martial Arts shows in the Central to Eastern Region of Pennsylvania cannot be economically produced without using the essential Casino venues. Failure to have access to these venues not only results in lower economic feasability as far as venue price and perks but prevents these promotions from obtaining the services of the ticket selling fighters that are necessary to fund the shows because these very fighters will opt to fight for the promotions located in these Casinos and not in the promotions who do shows outside of these Casinos.

71. Plaintiff and the other mma promotions who do not have access to these Casinos and

their lucrative financial deals are not able to financially compete with CFFC's product in the relevant market. They could easily do so had they access to such venues and financial deals.

72. All of the defendant mma promotions (CFFC & XFE) and defendant mma promoters involved (Dave Feldman & Rob Haydak) would be financially unable to continue to operate their mma businesses without the free venue deals and cash perks that they are currently given and would they have been out of business long ago without them.

73. These same defendants have denied and conspired to deny plaintiff and all other mma promotions access to the Casino's they have monopolized and currently do business in. The casino defendants in this case (Harrah's Casino & Valley Forge Casino) as well as their owners and employees have participated in and acquiesced in this very same monopoly conspiracy.

74. The defendants have no justifiable reason for the denial of access to these venues other than to wipe out competition and restrict trade. Given the unexhaustable resource of fighters signed to exclusive deals with their company and the several venues they have monopolized it is impossible for them to argue allowing plaintiff access to one of these casinos would interfere with their ability to produce their product to their customers.

75. The defendant Casinos (Harrah's and Valley Forge) could easily allow plaintiff access to these facilities without affecting their own self interest. On the contrary, these casino defendants would financially benefit in the same regard as they benefit from allowing the defendants mma shows to take place there were they to allow plaintiff to do his shows there under the same terms as they offered CFFC and XFE.

76. There is no logical reason not to allow both plaintiff's XCC mma shows and the defendants' CFFC/XFE shows to take place at the Casinos other than to restrict trade to the benefit of CFFC/XFE.

77. There is no regulatory oversight being conducted or is capable of being conducted from any agency that could compel the Casinos to allow plaintiff and his business access to host his mma shows there.

78. Plaintiff cannot duplicate these casino facilities.

### COUNT 3

### Attempt to Monopolize - Sherman Act 15 U.S.C. section 1 & 2

79. Defendants Dave Feldman and Rob Haydak have conspired and continued to conspire to monopolize the essential facilities (Casinos) and resources of "ticket selling" and "professional" fighters in the mixed martial arts industry under exclusive non compete deals in an attempt to restrict trade and commerce and eliminate any competition or potential competitors that would arise in their relevant market.

80. These two defendants have entered into numerous exclusive dealing contracts that restrict trade and commerce in the their relevant market with the sole intent to restrict trade and commerce in their relevant market. They continue to conspire to do the same.

81. These defendants have formed a horizontal merger between the companies CFFC and XFE in furtherance of this conspiracy.

82. This conspiracy has resulted in these two defendants achieving dominant "market" and "monopoly" power in the relevant mixed martial arts market.

83. This conspiracy has allowed both of them to control the relevant market and raise prices considerably.

84. Both Casino defendants (Harrah's Casino and Valley Forge) and their owners and employees have participated in this very same monopoly conspiracy being carried out by Mr. Feldman and Mr. Haydak.

**VI. RELIEF REQUESTED;**

85. Compensatory damages against the defendants, jointly and severly, in an amount in excess of $150,000.00 (One hundred and fifty thousand dollars).

86. Punitive damages against the defendants, jointly and severly, in an amount in excess of $150,000.00 (One hundred and fifty thousand dollars).

87. Statutory trebling of any compensatory damages awarded in this case.

88. Prejudgment interest.

89. A permanent injunction preventing the defendnats from barring plaintiff access to promote his mma shows at the Harrah's and Valley Forge Casino venues.

90. A permanent injunction allowing plaintiff the same treatment and access to Harrah's Casino and Valley Forge Resort Casino under the same financial deals that were offered to CFFC/XFE.

91. A trial by jury.

92. Any and all attorney fees, filing fees, costs or other expenses related to the filing and litigation of this lawsuit.

93. Any other relief laintiff may be entitled to that is not requested herein.

Respectfully Suibmitted

_9/8/14_  
Date

*Ryan Kerwin*  
Ryan Kerwin