IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RYAN KERWIN,** | : |
| **Plaintiff,** | : |
| | : CIVIL ACTION |
| v. | : |
| | : 14-5159 |
| **CAGE FURY FIGHTING** | : |
| **CHAMPIONSHIPS, et. al.** | : |
| **Defendant.** | : |

**MEMORANDUM**

**Stengel, J.**                                                                 **August 20, 2015**

Ryan Kerwin and Xtreme Caged Combat filed this *pro se* antitrust complaint against several competing mixed martial arts fight promoters, two casinos and one casino executive. Several defendants move for summary judgment claiming that neither plaintiff has standing to bring this lawsuit. For the following reasons, I will grant the motion in part.

**I      BACKGROUND**

Plaintiffs allege that defendants have conspired to monopolize the mixed martial arts market in the Philadelphia region. Discovery has thus far established three material facts to which there is no genuine dispute. First, Xtreme Caged Combat is a fictitious name by which Mr. Kerwin conducts business. Second, Mr. Kerwin holds a matchmaker's license from the Pennsylvania Athletic Commission. Third, Henry Marchione, Mr. Kerwin's alleged employee, is a licensed MMA promoter. Defendants aver that these facts deprive plaintiffs of standing.

1

**II      STANDARD OF REVIEW**

A motion for summary judgment may be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). Summary judgment is proper when no "reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A party seeking summary judgment initially bears the burden of identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is therefore appropriate when the non-moving party fails to rebut the moving party's argument by pointing to evidence that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322. "Evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255.

**III     DISCUSSION**

I will first address whether Xtreme Caged Combat has standing to maintain this action which is a threshold requirement in all actions in federal court. Ethypharm S.A. France v. Abbott Labs., 707 F.3d 223, 232 (3d Cir. 2013). Defendants have submitted the Business Entity Filing History for Xtreme Caged Combat which is publicly available through the Pennsylvania Department of State. Def. Mot. for Summ. J., Ex. C, doc. no. 83-1. The filing shows that Xtreme Caged Combat is a fictitious name registered to Ryan Kerwin and Raymond Gokool. According to this public record, Xtreme Caged Combat is

2

merely a trade name by which Mr. Kerwin conducts a sole proprietorship. *See* Sole Proprietorship, U.S. Small Business Administration, http://www.sba.gov/content/sole-proprietorship (last visited Aug. 6, 2015) ("If [an individual conducting a sole proprietorship] choose[s] to operate under a name different than [his] own, [he] will most likely have to file a fictitious name."). Xtreme Caged Combat, as a sole proprietorship, has no legal existence apart from Mr. Kerwin and does not have standing to sue. *See* 54 Pa.C.S. § 332 ("Registration [of a fictitious name] imparts no legal rights to the registering entity…."); Geneva Coll. v. Sebelius, 929 F. Supp. 2d 402, 429 (W.D. Pa. 2013) ("[A] sole proprietorship does not have standing to bring suit in its own right."); Rahemtulla v. Hassam, 539 F. Supp. 2d 755, 770 (M.D. Pa. 2008) (noting that defendants fictitious name was not a legal entity) De Villars v. Hessler, 70 A.2d 333, 335 (Pa. 1950) (stating that an unincorporated entity has "no exitence apart from that of its [owner]"); Sole Proprietorship, U.S. Small Business Administration, http://www.sba.gov/content/sole-proprietorship (defining a sole proprietorship as an unincorporated business owned and run by one individual with no legal separation between the business and the owner).

      Mr. Kerwin fails to produce any records to rebut defendants' evidence that Xtreme Caged Combat has no legal capacity. Such evidence would include documents which show that Xtreme Caged Combat is organized pursuant to the Business Corporation Law, 15 Pa.C.S. § 1101, *et seq.*, or Partnership Code. 15 Pa.C.S. § 8101, *et. seq.* Instead, Mr. Kerwin maintains that I am bound by my prior rulings that Xtreme Caged Combat was required to retain counsel because it was a distinct legal entity. As Mr. Kerwin

recognizes, that decision is not controlling if it is clearly erroneous. Lesende v. Borrero, 752 F.3d 324, 339 (3d Cir. 2014). I ordered Xtreme Caged Combat to retain counsel pursuant to Simbraw, Inc. v. United States based on the complaint's representation that Xtreme Caged Combat was a legal entity capable of bringing suit. 367 F.2d 373, 373-74 (3d Cir.1966) (holding that a corporation must be represented by an attorney). This was an appropriate decision at the pleadings stage.[1] *See* Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 – 59 (2007) (discussing the rule that on a motion to dismiss a district court is to accept the factual allegations as true). Now on summary judgment, I cannot allow my construction of the complaint to stand when confronted with uncontroverted evidence that Xtreme Caged Combat is a fictitious name for an entity incapable of bringing suit in its own right.

Mr. Kerwin has not met his burden of proving that Xtreme Caged Combat has legal capacity to sue. Mr. Kerwin, who is already a party, may assert in his own name the claims made by Xtreme Caged Combat. Geneva Coll., 929 F. Supp. 2d at 429. Xtreme Caged Combat, which is not a separate legal entity, is dismissed as a named plaintiff. Id.

The issue of Mr. Kerwin's standing is a separate question. Section 4 of the Clayton Act creates a private cause of action and confers standing on persons injured by an antitrust violation. 15 U.S.C. § 15(a). Among other things,[2] a plaintiff must sustain an

---

[1] I also note that defendants' did not raise Xtreme Caged Combat's legal capacity in its motion to dismiss. Such an argument would have required me to look at evidence outside of the complaint and would have been inappropriate at that stage of the litigation.

[2] The other factors include: "(1) the causal connection between the antitrust violation and the harm to the plaintiff and the intent by the defendant to cause that harm, with neither factor alone conferring standing; (2) whether the plaintiff's alleged injury is of the type for which the antitrust laws were intended to provide redress; (3) the directness of the injury, which addresses the concerns that liberal application of standing principles might produce

antitrust injury to maintain antitrust standing. Ethypharm S.A. France, 707 F.3d at 233 (citing Barton & Pittinos, Inc. v. SmithKline Beecham Corp., 118 F.3d 178, 182 (3d Cir.1997)). A plaintiff can establish antitrust injury if he is a competitor or consumer in the relevant market and there is an injury to competition in the relevant market. *See* Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc., 429 U.S. 477, 489 (1977) (An antitrust injury is "of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful"); Ethypharm S.A. France, 707 F.3d at 233. A plaintiff is not a competitor if he is not licensed or otherwise authorized to conduct business in the relevant market. *See* Ethypharm S.A. France, 707 F.3d at 237 ("[W]e conclude that Ethypharm did not suffer antitrust injury because it does not and indeed cannot compete in the United States fenofibrate market, unless and until it acquires the required FDA approval to do so.").

The Pennsylvania State Athletic Commission regulates MMA pursuant to its authority under the Boxing Act. 58 Pa. Code § 29.1. MMA is a form of "competition involving the use … of a combination of techniques from different disciplines of the martial arts, including grappling, kicking and striking." 58 Pa. Code § 29.2(a). MMA matches are conducted in a ringed or fenced area. §29.4. All participants in an MMA event must be licensed by the Commission. This includes promoters and matchmakers. §§21.6; 21.7.

---

speculative claims; (4) the existence of more direct victims of the alleged antitrust violations; and (5) the potential for duplicative recovery or complex apportionment of damages." Ethypharm S.A. France, 707 F.3d at 233 (citing In re Lower Lake Erie Iron Ore Antitrust Litig., 998 F.2d 1144, 1165–66 (3d Cir.1993)). Since Mr. Kerwin did not suffer an antitrust injury I will not analyze the remaining factors. Id. at 237 n. 22.

Promoters are "responsible for the observance of the Athletic Code…during and after events under their promotion." § 21.6(a). The promoter shall "notify the Commission in writing of the time date and location of [an MMA] event … at least 10 days in advance of the event … [and] must receive written approval from the Commission to hold the event on the specified date." §29.17(3). Matchmakers are employed by the promoters. §21.7(a). The matchmaker may assist the promoter with contracts, providing the Commission with advance notice of a match and advertising. Id.

It is undisputed that Mr. Kerwin holds a matchmaker's license and is not a licensed fight promoter in Pennsylvania. Pls.' Resp. Br. at 3 ¶ 10. The amended complaint alleges that XCC and Mr. Kerwin were nonetheless authorized to promote MMA events because Henry Marchione, their employee, held a promoter's license. Since Xtreme Caged Combat is not a legal entity, it cannot claim to be an MMA promoter via Mr. Marchione's license. Furthermore, Mr. Kerwin, as a matchmaker, would be Mr. Marchione's employee. *See* §21.7(a). Strictly following the Athletic Code, it is not at all clear that Mr. Kerwin can claim to be a licensed promoter by virtue of Mr. Marchione's license.

Nonetheless, I am unconvinced that Mr. Kerwin's failure to obtain a promoter's license prevents him from bringing this lawsuit. This case is different from Ethypharm S.A. France where the FDA had not approved a drug for market in the United States. 707 F.3d at 237. To the contrary, the Pennsylvania Athletic Commission was aware that Mr. Kerwin did not have a promoter's license, but authorized Mr. Kerwin to promote MMA matches due to his collaboration with Mr. Marchione. *See* Emails between Ryan Kerwin

6

and Gregory Sirb, Pls.' Reply Br., Exs. A and B, doc. no 89-2 and 89-3. While I have some doubt that Mr. Kerwin's and Mr. Marchione's partnership fully conforms to the Athletic Code, the evidence Mr. Kerwin has adduced in response to defendants' motion suggests that he was authorized to compete in the relevant market and has antitrust standing. *See* Blue Shield of Virginia v. McCready, 457 U.S. 465, 492 (1982) (Rehnquist, J., dissenting) (finding antitrust standing on its "peculiar facts"); Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, 459 U.S. 519, 540 (1983) ("In each case its alleged injury must be analyzed to determine whether it is of the type that the antitrust statute was intended to forestall."). Further discovery may discredit or support his theory. Thus, I will deny defendants' motion for summary judgment as to Mr. Kerwin without prejudice.[3]

## IV.   CONCLUSION

For the foregoing reasons, I will grant defendants' motion for summary judgment in part. Xtreme Caged Combat will be dismissed as a party. Mr. Kerwin can prosecute these claims in his own right.

An appropriate order follows.

---

[3] If Mr. Kerwin believes that adding Mr. Marchione as a plaintiff will resolve any doubt, I will entertain a motion for leave to amend the complaint.