IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : 14-5159 |
| CAGE FURY FIGHTING | : |
| CHAMPIONSHIPS, et. al. | : |
| | : |
| Defendant. | : |

### MEMORANDUM

**Stengel, J.**                                                                                       **August 27, 2015**

Plaintiff Ryan Kerwin has moved to compel defendants Rob Haydak and Cage Fury Fighting Championships to respond to interrogatories and requests of the production of documents. In response, defendants move for a protective order. For the reasons that follow, I will grant both motions in part.

"Although the scope of discovery under the Federal Rules is unquestionably broad, this right is not unlimited and may be circumscribed." Bayer AG v. Betachem, Inc., 173 F.3d 188, 191 (3d Cir. 1999). Specifically, the Federal Rule of Civil Procedure 26 provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense…. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed.R.Civ.P. 26(b)(1). "A party moving to compel discovery bears the initial burden of proving the relevance of the requested information." In re Milo's Kitchen Dog Treats

Consol. Cases, 307 F.R.D. 177, 179 (W.D. Pa. 2015) (citing Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa.2001)). District Courts have discretion to shape the permissible scope of discovery. See Anderson v. Wachovia Mortgage Corp., 621 F.3d 261, 281 (3d Cir. 2010).

A motion for a protective order is a proper method for challenging inappropriate discovery requests. Federal Rule of Civil Procedure 26(c) provides that, upon a motion by a party from whom discovery is sought and for good cause shown, the court may enter a protective order preventing discovery on certain matters. A party "show[s] good cause by demonstrating a particular need for protection." Cipollone v. Liggett Grp., Inc., 785 F.2d 1108, 1121 (3d Cir. 1986). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," are insufficient to show good cause. Id. (citations omitted). A party can establish good cause by showing that the adversary is attempting to discover trade secrets. F.R.Cv.P 26(c)(1)(G).

The scope of discovery is measured against the complaint and its claims. See Castellani v. City of Atl. City, 13-CV-5848, 2015 WL 1578990, at *2 (D.N.J. Apr. 9, 2015). This is an anti-trust complaint. Plaintiff alleges that the fight promoting defendants entered into an exclusive dealing agreement with the Casino defendants so as to restrict trade in the mixed martial arts market in the Philadelphia metropolitan area. To prove his case, Mr. Kerwin will need to establish the existence of an exclusive dealing agreement, and this agreement prevents plaintiff and others from competing in the relevant market. Requests calculated to discover agreements, restrictions on competition, defendants'

market share, and the essential nature of casinos in the market are within the scope of discovery.

Rob Haydak and CFFC answered plaintiff's interrogatories after plaintiff filed the motion to compel. Based on Mr. Kerwin's reply, answers to interrogatories 2, 3, 6, 13 and 14 are still in dispute as well as each request for the production of documents. Pl.'s Resp., doc. no. 94, at 2.

Interrogatories 2 and 3 request information related to CFFC's roster of fighters. Similarly request for production 8 seeks all fighter contracts. I fail to see how the names of CFFC's fighters will establish the existence of an exclusive dealing agreement between CFFC and the casinos. While I suppose that controlling a substantial group of fighters may lead to the accumulation of monopoly power, this is not the theory Mr. Kerwin is pursuing. Mr. Kerwin has not established the relevance of these requests.

I will deny the motion to compel an answer to interrogatory number 6 which has been answered fully.[1] I will also deny plaintiff's motion to compel a response to interrogatory 14 in which plaintiff attempts to learn CFFC's profit and loss in each and every year of its operation. CFFC's revenue will not establish an agreement with the casino defendants nor its ability to restrict trade in the relevant market. For the same reason, I will deny the motion to compel as to requests for the production of documents 5 and 7which demand tax returns and bank statements.

---

[1] Request 6 asks "Did you ever merge or partner with David Feldman and or XFWE at Valley Forge Casino prior to 2014?" After objections, defendants respond "Robert J. Haydak, Jr. co-promoted three (3) shows at Valley Forge Casino prior to 2014."

3

Interrogatory 13 requests the financial terms for each and every venue where CFFC has promoted a mixed martial arts event. Request for production 14 demands a copy of all contracts between CFFC and each venue where CFFC has promoted a mixed martial arts event. The financial terms and contracts between CFFC its co-defendants and other casinos in the relevant market are pertinent to this litigation. CFFC must provide this information and documents to Mr. Kerwin to the extent it has not already been disclosed. However, information and contracts relating to other venues where CFFC hosts events would require CFFC to hand over its customer list which is a trade secret worthy of protection. Restatement (First) of Torts § 757 comment b (defining trade secret). Furthermore, the financial terms which alternative venues offer is available to Mr. Kerwin by subpoenaing the alternative venues directly. I will grant CFFC's motion for a protective order as to interrogatory 13 and request for production 14 except as it relates to CFFC's agreements with the casino defendants. For the same reasons, I will compel the production of documents responsive to request 3 except as it relates to the Borgata Casino.[2]

I will also compel the production of documents responsive to request 6 except as it relates to the Borgata. This request demands each and every check or documented payment that CFFC received from its co-defendants and other casinos in the relevant market. The compensation CFFC received from the defendant casinos is at the heart of this litigation, and is obviously relevant. CFFC has failed to meet its burden that a protective order should prevent the production of these documents.

---

[2] The Borgata is outside the relevant market. CFFC's activities in New Jersey are not relevant to this action.

4

Requests for production 1 and 4 are overbroad and unduly burdensome. As for request 1, Mr. Haydak and CFFC cannot be compelled to produce records of all communications they have ever had with the casinos and any of their employees. This could be a voluminous amount of information. Rather, Mr. Kerwin can revise this request to discover relevant information within time period alleged in the complaint. Similarly, it is unnecessary to request all written contracts CFFC has ever entered into as is demanded in request 4. All relevant contracts will be produced pursuant to requests 3 and 14.

Requests 17 and 18 seek documentation regarding Hoss Promotions, Spotlight Sports Management, Anger Management and OnFire Management. I have no idea who these entities are and how they are relevant to this action. I will defer my ruling on these requests. There appears to be no dispute that requests 19 and $20^3$ are within the scope of discovery, and I will compel the production of responsive documents.

Mr. Kerwin has not established the relevance of the remaining requests for production. Request 2 demands documents relating to casinos far outside the relevant market. Request 9 pertains to attendance at CFFC events. Request 10 seeks copies of CFFC's advertising material and tickets. Request 11 relates to the sale of CFFC's fight cage. Request 12 deals with CFFC's event sponsors. Request 13 and 16 attempts to learn the identity of CFFC's current and former employees. Request 15 wishes to obtain video of past CFFC events. These requests are tangentially, at best, related to CFFC's promotions at the defendant casinos. While responsive documents could teach Mr. Kerwin how to run a successful fight promotion business, it is hard to imagine how any

---

[3] These are standard requests for the production of expert reports and evidence to be used at trial.

of these documents would establish a restraint of trade. This lends credence to CFFC's contention that Mr. Kerwin does not seek these documents for a legitimate litigation purpose, but rather to gain an unfair business advantage. Accordingly, I will deny the motion to compel the production of documents responsive to requests 2, 9, 10, 11, 12, 13, 15 and 16.

     An appropriate order follows.