IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| | : 14-5159 |
| CAGE FURY FIGHTING | : |
| CHAMPIONSHIPS, et. al. | : |
| | : |
| Defendant. | : |

## ORDER

**AND NOW**, this 27th day of August 2015, upon consideration of defendants' motion to quash subpoenas, doc. no. 86, and plaintiff's response thereto, doc. no. 88, and upon consideration of plaintiff's motion to compel, doc. no 87, defendants' response and motion for protective order, doc. no. 92, and plaintiff's reply thereto, doc. no. 92, **IT IS HEREBY ORDERED** that:

1. The motion to quash subpoenas, doc. no. 83, is **DENIED**.[1]

2. Plaintiff will supplement his initial disclosures to include the subject of the information each of his potential witnesses possess.[2] *See* Rule 26(a)(1)(A)(i).

3. Plaintiff's motion to compel is **GRANTED in part.**

---

[1] Chester Downs does not have standing to quash a subpoena served on the third parties because it claims no personal right or privilege in the subject matter of the subpoena. *See, e.g.,* Thomas v. Marina Associates, 202 F.R.D. 433, 434 (E.D. Pa. 2001) (citations omitted); *See also* First Sealord Sur. v. Durkin & Devries Ins. Agency, 918 F. Supp. 2d 362, 382 (E.D. Pa. 2013) (citations omitted) ("Ordinarily, only the non-parties whom were served with the subpoenas may move to have them quashed under Federal Rule of Civil Procedure 45(c)(3)(A)."). Furthermore, defendant's objection to Mr. Kerwin's failure to include a compliance date is overblown. These are document subpoenas – not subpoenas *ad testificandum*. While plaintiff will need to insert a compliance date before serving the subpoenas, his failure to do so before serving copies on defendants was wise giving the protracted dispute which followed.

[2] Plaintiff will also disclose the address of each witness as they become known.

4.     Rob Haydak and CFFC's motion for protective order is **GRANTED in part**.

5.     Defendants Rob Haydak and CFFC are **COMPELLED** to respond to interrogatory 13 and requests for production 3, 6 and 14, but only to the extent that the interrogatory and requests apply to defendants' dealings with David Feldman, Xtreme Fight Events, Valley Forge Casino Resort, Chester Downs and Marina, LLC and Sands Casino in Bethlehem. Any additional information responsive to these discovery requests are subject to the protective order.

6.     Defendants Rob Hadak and CFFC are **COMPELLED** to respond to requests for the production of documents 19 and 20.

7.     The motion to compel is otherwise **DENIED**.

8.     The motion for protective order is otherwise **DENIED.**

BY THE COURT

 /s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.