IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RYAN KERWIN, | : |
| Plaintiff, | : |
| | : CIVIL ACTION |
| v. | : |
| CAGE FURY FIGHTING CHAMPIONSHIPS, et al., | : NO. 14-5159 |
| Defendants. | : |

MEMORANDUM

**Stengel, J.**                                                                                         **November , 2015**

*Pro se* plaintiff, Ryan Kerwin, has filed a motion for recusal pursuant to 28 U.S.C. § 455(a), arguing that "there is a clear pattern of antagonism shown within the ruling's [sic] the court has handed down in this case." The defendants take the position that the plaintiff has not met his burden of demonstrating a sufficient basis for recusal and that the plaintiff is requesting recusal in an attempt to litigate the same issues in front of another judge. For the following reasons, I deny the motion to recuse.

I.     **BACKGROUND**

On September 8, 2014, Mr. Kerwin and Xtreme Caged Combat ("XCC") filed a *pro se* antitrust complaint alleging that Cage Fury Fighting Championships ("CFFC") and Xtreme Fight Events ("XFE") illegally conspired with Chester Downs and Marina LLC, and Valley Forge Casino Resort to monopolize and restrict trade in the mixed martial arts ("MMA") events market in the Philadelphia region. (Doc. No. 45[1] at ¶¶ 3, 4). XCC, CFFC and XFE all promote MMA events in Pennsylvania. (Id. ¶¶ 5, 6). Plaintiff XCC was dismissed from the case by an Order

---

[1] Plaintiffs' Amended Complaint.

dated August 20, 2015. (Doc. No. 96). Rob Haydak, the owner of CFFC, and CFFC were dismissed from the case by a stipulation filed on October 14, 2015. (Doc. No. 120). Defendant David Feldman owns XFE. (Doc. No. 45 at ¶¶ 5, 7). Defendant Chester Downs and Marina LLC operate a casino in Chester, Pennsylvania commonly known as Harrah's. (Id. ¶ 9). Defendant Valley Forge Casino Resort operates a casino in Valley Forge, Pennsylvania. (Id. ¶ 12). Valley Forge employs Defendant Joel Freedman as its Vice President of Player Development. (Id. ¶ 15). Mr. Feldman and Mr. Freedman are friends, and Mr. Feldman leveraged this relationship to secure exclusive venue agreements between XFE and each casino with the result that the plaintiff is blocked from hosting MMA events at those casinos. (Id. ¶¶ 19, 34, 95). According to the plaintiff, by controlling these casino venues, XFE will drive its competition out of business and achieve a monopoly in the MMA event market in Philadelphia. (Id. ¶ 61).

## II. STANDARD OF REVIEW

There is a presumption that a judge is impartial and thus, the party seeking disqualification has a substantial burden and must assert "objective facts" that demonstrate "an appearance of impropriety." United States v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989). A judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). "Beliefs or opinions that merit recusal must involve an extrajudicial factor; 'for example, if a judge has acquired a dislike of a litigant because of events occurring outside of the courtroom, a duty to recuse might ensue.'" United States v. Vampire Nation, 451 F.3d 189, 208 (3d Cir. 2006)(quoting United States v. Antar, 53 F.3d 568, 574 (3d Cir. 1995)).

The test for recusal under § 455(a) is an objective one and requires recusal where a "reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." In re Kensington Int'l Ltd., 368 F.3d 289, 296 (3d Cir. 2004). "A party seeking recusal need not show actual bias on the part of the court, only the possibility of bias . . .Under § 455(a), if a reasonable man, were he to know all the circumstances, would harbor doubts about the judge's impartiality under the applicable standard, then the judge must recuse." Selkridge v. United of Omaha Life Ins., Co., 360 F.3d 155, 167 (3d Cir. 2004)(quoting Krell v. Prudential Ins. Co. of Am. (In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions), 148 F.3d 283, 343 (3d Cir. 1998)).

A judge is required to disqualify himself when "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. Section 455(b)(1). Bias and prejudice "connote a favorable or unfavorable disposition or opinion that is somehow wrongful or inappropriate, either because it is undeserved, or because it rests upon knowledge that the subject ought not to possess . . . or because it is excessive in degree." Liteky v. United States, 510 U.S. 540, 550 (1994).

It is well-settled in the Third Circuit that "a party's displeasure with legal rulings does not form an adequate basis for recusal." Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000). Thus, "the court must consider whether attacks on a judge's impartiality are simply subterfuge to circumvent anticipated adverse rulings." Lease v. Fishel, 712 F. Supp. 2d 359, 374 (M.D. Pa. 2010). A judge "has as strong a duty to sit when there is no legitimate reason to recuse as he does to recuse when the law and facts require." Id.

### III. DISCUSSION

I find that there are no grounds for recusal here. There is no extrajudicial factor which could have resulted in my dislike of the plaintiff nor is there any evidence of any event outside of the courtroom which would have resulted in negative feelings against the plaintiff.

The plaintiff filed this motion for recusal stating that "there is a clear pattern of antagonism shown within the ruling's [sic] the court has handed down in this case." In support of his motion to recuse, the plaintiff references various adverse rulings that the Court has made against him which he argues evidences a "serious bias" towards him. The plaintiff also filed supplemental amendments to support his motion to recuse, both of which follow close on the heels of rulings adverse to him on previous motions. Neither amendments present "objective facts" that demonstrate "an appearance of impropriety," but rather, both amendments argue that the adverse rulings demonstrate a profound bias against pro se litigants. As the Third Circuit has made clear, the plaintiff's displeasure with legal rulings is not a sufficient basis for recusal.

### IV. CONCLUSION

The plaintiff has not met his burden of asserting objective facts demonstrating an appearance of impropriety and therefore, I find no reason why I should recuse myself from this action. Accordingly, I deny the plaintiff's motion to recuse.

An appropriate Order follows.